Marc Randazza, SBN 269535
RANDAZZA LEGAL GROUP
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax )
MJR@Randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC )<br><br>           Plaintiff, )<br><br>    vs. )<br><br>DOES 1 through 62, )<br><br>           Defendants )<br>_____ ) | Case No.   **'11 CV0575 MMANLS**<br><br>**COMPLAINT**<br><br>(1)  **DIRECT COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501**<br>(2)  **CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>(3)  **CIVIL CONSPIRACY** |

Plaintiff, Liberty Media Holdings (hereinafter "Liberty" or the "Plaintiff") files this complaint against multiple unknown Defendants and alleges as follows:

### I. NATURE OF THE CASE

1.      Plaintiff is the registered owner of the copyright to a motion picture, "Down on the Farm (hereinafter the "Motion Picture").   A true and correct copy of the Certificate of Registration for the Motion Picture is attached hereto as Exhibit 1.

2.      Defendants, whose true identities are currently unknown, acted in a collective and interdependant manner in the unlawful reproduction and distribution of Plaintiff's Motion Picture using BitTorrent technology.

3.      Each time a Defendant unlawfully distributes a free copy of Plaintiff's copyrighted Motion Picture to others over the Internet, particularly via BitTorrent, each recipient can then distribute that unlawful copy of the Motion Picture to others without degradation in

1 sound or picture quality.  Thus, a Defendant's distribution of even a single unlawful copy of the
2 Motion Picture can result in the nearly instantaneous worldwide distribution of that single copy
3 to a limitless number of people.  In this case, each Defendant's copyright infringement built upon
4 the prior infringements, in a cascade of infringement.

5      4.    Plaintiff seeks redress for the Defendants' rampant infringement of its exclusive
6 rights in the Motion Picture, and for injunctive relief to stop Defendants from continuing to
7 infringe upon Plaintiff's copyrighted works.

8 ## II.  JURISDICTION AND VENUE

9      5.    This Court has subject matter jurisdiction over Plaintiff's claims for copyright
10 infringement and related claims pursuant to 17 U.S.C. §§ 101, et. seq., and 28 U.S.C.  §§ 1331
11 and 1338(a).

12      6.    The Court has personal jurisdiction over Defendants, as Defendants either reside
13 in, solicit, transact, or are doing business within the Jurisdiction; they have committed to
14 unlawful and tortious acts both within and outside the Jurisdiction with the full knowledge that
15 their acts would cause injury in this Jurisdiction.

16      7.    Each of the Plaintiff's motion pictures, including the Motion Picture at issue in
17 this case, clearly states that it is produced by a California business.  Therefore, all Defendants
18 knew full well that infringement upon the copyright in the Motion Picture would cause harm and
19 damage to a California entity.

20      8.    Plaintiff's claims arise out of the Defendants' conduct which gives rise to
21 personal jurisdiction over Defendants.

22      9.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).
23 Although the true identities of each and every member of the collective formed by the
24 Defendants is unknown to the Plaintiff at this time, on information and belief, each Defendant
25 may be found in this District and/or a substantial part of the infringing acts complained of herein
26 occurred in this District, and Defendants can reasonably anticipate being haled into court in this
27 District.

28

### III.  THE PARTIES

#### A.  The Plaintiff, Liberty Media Holdings, LLC

10.     Liberty is a California LLC with a mailing address of 302 Washington Street, Suite 321, San Diego, CA 92103.

#### B.  The Defendants

11.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants John Doe 1-62 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff knows each Defendant only by the Internet Protocol ("IP") address assigned to the account used by the Defendant at by the account holder's Internet Service Provider ("ISP") on the date and at the time at which the infringing activity of each Defendant was observed.  The IP address used by each Defendant thus far identified, together with the date and time at which his or her infringing activity was observed is listed below.

12.     Plaintiff intends to subpoena the Internet Service Provider (ISP) that issued the Defendants' IP addresses in order to learn the identity of the account holders for the below IP addresses.  In most cases, the account holder will be the proper defendant in this case.  However, further discovery may be necessary in some circumstances in order to be certain of the identity of the proper defendant.

13.     The Defendants are a group of BitTorrent users or peers whose computers are collectively interconnected for the sharing of a particular unique file, otherwise known as a "swarm".  The particular file a BitTorrent swarm is associated with has a unique "hash"( a file identifier generated by an algorithm developed and implemented by the National Security Agency).

14.     Plaintiff is informed and believes and based thereon alleges that each of the Defendants, was and is the agent of the other Defendants, acting within the purpose and scope of said agency.  Plaintiff is further informed and believes and based thereon alleges that each of the Defendants, authorized and ratified the conduct herein alleged of each of the other Defendants.

15.     Plaintiff believes that information obtained in discovery will lead to the identification of each Defendants' true names and permit the Plaintiff to amend this Complaint to

state the same.  Plaintiff further believes that the information obtained in discovery may lead to the identification of additional infringing parties to be added to this Complaint as defendants. Plaintiff will amend this Complaint to include their proper names and capacities when they have been determined.  Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants participated in and are responsible for the acts described in this Complaint and damage resulting therefrom.

16.     Plaintiff alleges on information and belief that each of the Defendants named herein performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged and are liable to Plaintiff for the damages and relief sought herein.

17.     Each of the fictitiously named defendants engaged in their copyright infringement scheme together.  They all used the same torrent-sharing website to coordinate their copyright theft; and they all shared and republished the same Motion Picture, and thus are collectively participated in the same swarm sharing the same hash file on the same date.

### Defendant Doe 1

18.     Defendant Doe 1 is unknown, but used the following IP address: 208.59.124.133.

19.     Doe 1 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

20.     The infringing activity took place on November 15, 2010 at 4:46:30 p.m. UTC.

21.     As Doe 1 was the first one detected as having distributed the Motion Picture, Doe 1 is, on information and belief, the initial propagator in the Bit Torrent swarm making up the substance of this complaint.

### Defendant Doe 2

22.     Defendant Doe 2 is unknown, but used the following IP address: 72.229.124.39.

23.     Doe 2 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

24.     The infringing activity took place on November 15, 2010 at 4:47:27 p.m. UTC, 57 seconds after Doe 1.

### Defendant Doe 3

25.     Defendant Doe 3 is unknown, but used the following IP address: 71.170.23.18.

26.     Doe 3 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

27.     The infringing activity took place on November 15, 2010 at 4:48:29 p.m. UTC, 59 seconds after Doe 2.

### Defendant Doe 4

28.     Defendant Doe 4 is unknown, but used the following IP address: 24.90.215.80.

29.     Doe 4 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

30.     The infringing activity took place on November 15, 2010 at 4:53:37 p.m. UTC, 5 minutes and 8 seconds after Doe 3.

### Defendant Doe 5

31.     Defendant Doe 5 is unknown, but used the following IP address: 63.226.224.37.

32.     Doe 5 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

33.     The infringing activity took place on November 15, 2010 at 5:08:41 p.m. UTC, 15 minutes and 4 seconds after Doe 4.

### Defendant Doe 6

34.     Defendant Doe 6 is unknown, but used the following IP address: 74.777.199.211.

35.     Doe 6 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

36.   The infringing activity took place on November 15, 2010 at 5:23:02 p.m. UTC, 14 minutes and 21 seconds after Doe 5.

### Defendant Doe 7

37.   Defendant Doe 7 is unknown, but used the following IP address: 96.25.191.194.

38.   Doe 7 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

39.   The infringing activity took place on November 15, 2010 at 5:26:28 p.m. UTC, 3 minutes and 26 seconds after Doe 6.

### Defendant Doe 8

40.   Defendant Doe 8 is unknown, but used the following IP address: 68.83.25.232.

41.   Doe 8 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

42.   The infringing activity took place on November 15, 2010 at 5:36:21 p.m. UTC, 9 minutes and 53 seconds after Doe 7.

### Defendant Doe 9

43.   Defendant Doe 9 is unknown, but used the following IP address: 108.14.252.21.

44.   Doe 9 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

45.   The infringing activity took place on November 15, 2010 at 5:36:26 p.m. UTC. 5 seconds after Doe 8.

### Defendant Doe 10

46.   Defendant Doe 10 is unknown, but used the following IP address: 184.88.0.196.

47.   Doe 10 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

48.     The infringing activity took place on November 15, 2010 at 5:37:39 p.m. UTC, 1 minute and 13 seconds after Doe 9.

### Defendant Doe 11

49.     Defendant Doe 11 is unknown, but used the following IP address: 76.93.188.92.

50.     Doe 11 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

51.     The infringing activity took place on November 15, 2010 at 5:49:38 p.m. UTC, 11 minutes and 59 seconds after Doe 10.

### Defendant Doe 12

52.     Defendant Doe 12 is unknown, but used the following IP address: 24.130.254.205.

53.     Doe 12 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

54.     The infringing activity took place on November 15, 2010 at 5:53:41 p.m. UTC, 4 minutes and 3 seconds after Doe 11.

### Defendant Doe 13

55.     Defendant Doe 13 is unknown, but used the following IP address: 24.21.220.93.

56.     Doe 13 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

57.     The infringing activity took place on November 15, 2010 at 6:08:20 p.m. UTC, 14 minutes and 39 seconds after Doe 12.

### Defendant Doe 14

58.     Defendant Doe 14 is unknown, but used the following IP address: 75.170.158.31.

59.     Doe 14 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

60.     The infringing activity took place on November 15, 2010 at 6:08:24 p.m. UTC, 4 seconds after Doe 13.

### Defendant Doe 15

61.     Defendant Doe 15 is unknown, but used the following IP address: 98.221.194.8.

62.     Doe 15 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

63.     The infringing activity took place on November 15, 2010 at 6:08:56 p.m. UTC, 32 seconds after Doe 14.

### Defendant Doe 16

64.     Defendant Doe 16 is unknown, but used the following IP address: 76.182.122.195.

65.     Doe 16 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

66.     The infringing activity took place on November 15, 2010 at 6:09:05 p.m. UTC, 9 seconds after Doe 15.

### Defendant Doe 17

67.     Defendant Doe 17 is unknown, but used the following IP address: 67.171.202.100.

68.     Doe 17 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

69.     The infringing activity took place on November 15, 2010 at 6:09:15 p.m. UTC, 10 seconds after Doe 16.

**Defendant Doe 18**

70.     Defendant Doe 18 is unknown, but used the following IP address: 98.204.140.27.

71.     Doe 18 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

72.     The infringing activity took place on November 15, 2010 at 6:09:17 p.m. UTC, 2 seconds after Doe 17.

**Defendant Doe 19**

73.     Defendant Doe 19 is unknown, but used the following IP address: 76.181.109.245.

74.     Doe 19 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

75.     The infringing activity took place on November 15, 2010 at 6:38:15 p.m. UTC, 28 minutes and 58 seconds after Doe 18.

**Defendant Doe 20**

76.     Defendant Doe 20 is unknown, but used the following IP address: 76.89.101.186.

77.     Doe 20 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

78.     The infringing activity took place on November 15, 2010 at 6:38:29 p.m. UTC, 14 seconds after Doe 19.

**Defendant Doe 21**

79.     Defendant Doe 21 is unknown, but used the following IP address: 98.113.165.250.

80.     Doe 21 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

81.     The infringing activity took place on November 15, 2010 at 6:38:45 p.m. UTC, 16 seconds after Doe 20.

### Defendant Doe 22

82.     Defendant Doe 22 is unknown, but used the following IP address: 67.185.111.104.

83.     Doe 22 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

84.     The infringing activity took place on November 15, 2010 at 6:40:11 p.m. UTC, 1 minute and 26 seconds after Doe 21.

### Defendant Doe 23

85.     Defendant Doe 23 is unknown, but used the following IP address: 66.61.118.150.

86.     Doe 23 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

87.     The infringing activity took place on November 15, 2010 at 7:07:48 p.m. UTC, 27 minutes and 37 seconds after Doe 22.

### Defendant Doe 24

88.     Defendant Doe 24 is unknown, but used the following IP address: 67.167.202.91.

89.     Doe 24 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

90.     The infringing activity took place on November 15, 2010 at 7:07:50 p.m. UTC, 2 seconds after Doe 23.

### Defendant Doe 25

91.     Defendant Doe 25 is unknown, but used the following IP address: 76.121.105.255.

92.     Doe 25 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

93.     The infringing activity took place on November 15, 2010 at 7:11:34 p.m. UTC, 3 minutes and 44 seconds after Doe 24.

**Defendant Doe 26**

94.     Defendant Doe 26 is unknown, but used the following IP address: 68.117.243.5.

95.     Doe 26 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

96.     The infringing activity took place on November 15, 2010 at 7:24:55 p.m. UTC, 13 minutes and 21 seconds after Doe 25.

**Defendant Doe 27**

97.     Defendant Doe 27 is unknown, but used the following IP address: 24.7.81.228.

98.     Doe 27 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

99.     The infringing activity took place on November 15, 2010 at 7:42:13 p.m. UTC, 17 minutes and 18 seconds after Doe 26.

**Defendant Doe 28**

100.    Defendant Doe 28 is unknown, but used the following IP address: 71.13.54.250.

101.    Doe 28 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

102.    The infringing activity took place on November 15, 2010 at 7:47:14 p.m. UTC,5 minutes and 1 second after Doe 27.

**Defendant Doe 29**

103.    Defendant Doe 29 is unknown, but used the following IP address: 173.49.206.237.

104.    Doe 29 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

105.    The infringing activity took place on November 15, 2010 at 7:52:40 p.m. UTC, 5 minutes and 26 seconds after Doe 28.

### Defendant Doe 30

106.    Defendant Doe 30 is unknown, but used the following IP address: 75.80.58.120.

107.    Doe 30 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

108.    The infringing activity took place on November 15, 2010 at 8:19:02 p.m. UTC, 26 minutes and 22 seconds after Doe 29.

### Defendant Doe 31

109.    Defendant Doe 31 is unknown, but used the following IP address: 74.100.160.168.

110.    Doe 31 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

111.    The infringing activity took place on November 15, 2010 at 8:24:03 p.m. UTC, 5 minutes and 1 second after Doe 30.

### Defendant Doe 32

112.    Defendant Doe 32 is unknown, but used the following IP address: 67.167.48.2.

113.    Doe 32 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

114.    The infringing activity took place on November 15, 2010 at 8:26:14 p.m. UTC, 2 minutes and 11 seconds after Doe 31.

### Defendant Doe 33

115.    Defendant Doe 33 is unknown, but used the following IP address: 67.161.126.94.

116.   Doe 33 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

117.   The infringing activity took place on November 15, 2010 at 8:26:35 p.m. UTC, 21 seconds after Doe 32.

## Defendant Doe 34

118.   Defendant Doe 34 is unknown, but used the following IP address: 76.168.82.252.

119.   Doe 34 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

120.   The infringing activity took place on November 15, 2010 at 8:31:21 p.m. UTC, 4 minutes and 46 seconds after Doe 33.

## Defendant Doe 35

121.   Defendant Doe 35 is unknown, but used the following IP address: 71.93.130.192.

122.   Doe 35 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

123.   The infringing activity took place on November 15, 2010 at 8:35:35 p.m. UTC, 4 minutes and 14 seconds after Doe 34.

## Defendant Doe 36

124.   Defendant Doe 36 is unknown, but used the following IP address: 76.97.209.23.

125.   Doe 36 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

126.   The infringing activity took place on November 15, 2010 at 8:51:02 p.m. UTC, 15 minutes and 27 seconds after Doe 35.

## Defendant Doe 37

127.   Defendant Doe 37 is unknown, but used the following IP address: 174.109.25.25.

128.   Doe 37 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

129.   The infringing activity took place on November 15, 2010 at 8:51:23 p.m. UTC, 21 seconds after Doe 36.

### Defendant Doe 38

130.   Defendant Doe 38 is unknown, but used the following IP address: 98.212.147.99.

131.   Doe 38 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

132.   The infringing activity took place on November 15, 2010 at 8:54:37 p.m. UTC, 3 minutes and 14 seconds after Doe 37.

### Defendant Doe 39

133.   Defendant Doe 39 is unknown, but used the following IP address: 108.35.23.135.

134.   Doe 39 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

135.   The infringing activity took place on November 15, 2010 at 8:57:59 p.m. UTC, 3 minutes and 22 seconds after Doe 38.

### Defendant Doe 40

136.   Defendant Doe 40 is unknown, but used the following IP address: 74.140.148.74.

137.   Doe 40 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

138.   The infringing activity took place on November 15, 2010 at 9:35:56 p.m. UTC, 37 minutes and 57 seconds after Doe 39.

### Defendant Doe 41

139.   Defendant Doe 41 is unknown, but used the following IP address: 24.24.153.176.

140.    Doe 41 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

141.    The infringing activity took place on November 15, 2010 at 9:38:13 p.m. UTC, 2 minutes and 17 seconds after Doe 40.

### Defendant Doe 42

142.    Defendant Doe 42 is unknown, but used the following IP address: 76.127.99.68.

143.    Doe 42 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

144.    The infringing activity took place on November 15, 2010 at 9:40:45 p.m. UTC, 2 minutes and 32 seconds after Doe 41.

### Defendant Doe 43

145.    Defendant Doe 43 is unknown, but used the following IP address: 207.172.145.78.

146.    Doe 43 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

147.    The infringing activity took place on November 15, 2010 at 9:44:07 p.m. UTC, 3 minutes and 22 seconds after Doe 42.

### Defendant Doe 44

148.    Defendant Doe 44 is unknown, but used the following IP address: 66.65.6.52.

149.    Doe 44 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

150.    The infringing activity took place on November 15, 2010 at 9:49:46 p.m. UTC, 5 minutes and 39 seconds after Doe 43.

### Defendant Doe 45

151.    Defendant Doe 45 is unknown, but used the following IP address: 208.120.17.45.

152.   Doe 45 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

153.   The infringing activity took place on November 15, 2010 at 9:56:56 p.m. UTC, 7 minutes and 10 seconds after Doe 44.

### Defendant Doe 46

154.   Defendant Doe 46 is unknown, but used the following IP address: 98.209.56.209.

155.   Doe 46 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

156.   The infringing activity took place on November 15, 2010 at 10:07:20 p.m. UTC, 10 minutes and 24 seconds after Doe 45.

### Defendant Doe 47

157.   Defendant Doe 47 is unknown, but used the following IP address: 71.194.42.138.

158.   Doe 47 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

159.   The infringing activity took place on November 15, 2010 at 10:09:22 p.m. UTC, 2 minutes and 2 seconds after Doe 46.

### Defendant Doe 48

160.   Defendant Doe 48 is unknown, but used the following IP address: 68.33.37.135.

161.   Doe 48 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

162.   The infringing activity took place on November 15, 2010 at 10:09:51 p.m. UTC, 29 seconds after Doe 47.

### Defendant Doe 49

163.   Defendant Doe 49 is unknown, but used the following IP address: 68.35.186.54.

164. Doe 49 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

165. The infringing activity took place on November 15, 2010 at 10:27:25 p.m. UTC, 17 minutes and 34 seconds after Doe 48.

### Defendant Doe 50

166. Defendant Doe 50 is unknown, but used the following IP address: 76.173.202.222.

167. Doe 50 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

168. The infringing activity took place on November 15, 2010 at 10:36:15 p.m. UTC, 8 minutes and 50 seconds after Doe 49.

### Defendant Doe 51

169. Defendant Doe 51 is unknown, but used the following IP address: 174.49.22.77.

170. Doe 51 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

171. The infringing activity took place on November 15, 2010 at 10:36:24 p.m. UTC, 9 seconds after Doe 50.

### Defendant Doe 52

172. Defendant Doe 52 is unknown, but used the following IP address: 70.162.174.6.

173. Doe 52 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

174. The infringing activity took place on November 15, 2010 at 10:39:45 p.m. UTC, 3 minutes and 21 seconds after Doe 51.

### Defendant Doe 53

175. Defendant Doe 53 is unknown, but used the following IP address: 72.231.19.103.

176.   Doe 53 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

177.   The infringing activity took place on November 15, 2010 at 10:45:59 p.m. UTC, 6 minutes and 14 seconds after Doe 52.

### Defendant Doe 54

178.   Defendant Doe 54 is unknown, but used the following IP address: 108.18.157.200.

179.   Doe 54 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

180.   The infringing activity took place on November 15, 2010 at 10:48:19 p.m. UTC, 2 minutes and 20 seconds after Doe 53.

### Defendant Doe 55

181.   Defendant Doe 55 is unknown, but used the following IP address: 68.101.19.215.

182.   Doe 55 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

183.   The infringing activity took place on November 15, 2010 at 11:01:07 p.m. UTC, 12 minutes and 48 seconds after Doe 54.

### Defendant Doe 56

184.   Defendant Doe 56 is unknown, but used the following IP address: 67.49.205.252.

185.   Doe 56 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

186.   The infringing activity took place on November 15, 2010 at 11:05:58 p.m. UTC, 4 minutes and 51 seconds after Doe 55.

### Defendant Doe 57

187.    Defendant Doe 57 is unknown, but used the following IP address: 24.251.148.214.

188.    Doe 57 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

189.    The infringing activity took place on November 15, 2010 at 11:09:59 p.m. UTC, 4 minutes and 1 second after Doe 56.

### Defendant Doe 58

190.    Defendant Doe 58 is unknown, but used the following IP address: 98.110.183.172.

191.    Doe 58 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

192.    The infringing activity took place on November 15, 2010 at 11:17:06 p.m. UTC, 7 minutes and 7 seconds after Doe 57.

### Defendant Doe 59

193.    Defendant Doe 59 is unknown, but used the following IP address: 76.16.53.5.

194.    Doe 59 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

195.    The infringing activity took place on November 15, 2010 at 11:36:13 p.m. UTC, 19 minutes and 7 seconds after Doe 58.

### Defendant Doe 60

196.    Defendant Doe 60 is unknown, but used the following IP address: 98.122.98.78.

197.    Doe 60 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

198.    The infringing activity took place on November 15, 2010 at 11:37:25 p.m. UTC, 1 minute and 12 seconds after Doe 59.

**Defendant Doe 61**

199.   Defendant Doe 61 is unknown, but used the following IP address: 98.202.238.178.

200.   Doe 61 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

201.   The infringing activity took place on November 15, 2010 at 11:38:25 p.m. UTC, 1 minute after Doe 60.

**Defendant Doe 62**

202.   Defendant Doe 62 is unknown, but used the following IP address: 71.36.164.51.

203.   Doe 62 used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted Motion Picture to an unknown number of other individuals over the Internet.

204.   The infringing activity took place on November 15, 2010 at 11:46:03 p.m. UTC, 7 minutes and 38 seconds after Doe 61.

**IV.   COPYRIGHT AND BITTORRENT**

205.   BitTorrent is a peer-to-peer file sharing protocol used for distributing and sharing data on the Internet, including motion pictures. Rather than downloading a file from a single source, the BitTorrent protocol allows users to join a "swarm," or group, of hosts to download and upload from each other simultaneously.  The process works as follows:

a.   First, users download a torrent file onto their computer. This file contains a unique hash code known as the SHA-1 hash – a unique identifier generated by a mathematical algorithm developed by the National Security Agency. This hash serves as a roadmap to a BitTorrent program to download all the pieces of a file such as a motion picture or music.

b.   Second, the user places the torrent file into a BitTorrent program, also known as a BitTorrent "client" application. This program connects "uploaders" of the file (i.e. those that are distributing the content) with "downloaders" of the file (i.e. those that are copying the content). During this

1   process, a tracker directs a BitTorrent user's computer to other users who have

2   a particular file, and then facilitates the download process from those users.

3   206.   For a BitTorrent user, this process is quite simple. When a BitTorrent user seeks

4   to download a motion picture, he or she merely clicks on the appropriate torrent reference file

5   (also known as a ".torrent" file), which may be found online on any number of BitTorrent

6   websites.

7   207.   Because BitTorrent clients generally do not have the ability to search for torrents,

8   end-users use search engines or other websites that contain indices of .torrent files (commonly

9   known as "torrent websites") to find files being made available by other BitTorrent users.  These

10  torrent files do not contain audio or visual media, but instruct the user's BitTorrent client where

11  to go and how to obtain the desired file.

12  208.   The torrent file then instructs the user's BitTorrent software how to connect to a

13  tracker that will identify where the file is available.  The end user's BitTorrent software then

14  begins downloading the torrent file without any further effort from the user.

15  209.   The life cycle of a torrent file begins with just one individual—the initial

16  propagator.  The initial propagator intentionally elects to share a file with a torrent network.  The

17  original file contains Plaintiff's entire copyrighted work, referred to as a "seed".

18  210.   Other members of the swarm connect to the seed file to download the file,

19  wherein the download creates an exact digital copy of Plaintiff's copyrighted work on the

20  downloaders computer.  As additional peers request the same file, each additional user joins the

21  collective network, and each new file downloader receives a different piece of the data from each

22  host user in the swarm who has already downloaded the file that together comprises the whole.

23  The BitTorrent technology requires that every downloader must also be an uploader of the

24  infringing material.  This means that every "node" or peer user who has a copy of the infringing

25  copyrighted material on a torrent network must also be a source of the download for that

26  infringing file.

27  211.   Files downloaded in this method are received in hundreds or even thousands of

28  individual pieces. Each piece that is downloaded is immediately thereafter made available for

distribution to other users seeking the same complete file. The effect of this technology makes

every downloader also an uploader of the content. This means that every user who has a copy of the infringing material on a torrent network must necessarily also be a source for later downloaders of that material.

212.   In the BitTorrent world, there is honor among thieves.  Those who merely download files, without publishing and sharing files, are derisively called "leechers."

213.   Being a lecher is not only a negative due to the pejorative terminology, leechears are punished by the torrent swarm.

214.   BitTorrent's protocol stalls the downloads of leechers, in an effort to preserve network speed for the more prolific copyright infringers.  The sharing of files as users receive them, then, is inherent in BitTorrent's use for the protocol to be of any utility to the end user.

215.   This distributed nature of BitTorrent leads to a rapid viral sharing of a file throughout the collective peer users.  As more peers join the collective swarm, the frequency of successful downloads also increases.  Because the nature of BitTorrent protocol, any seed peer that has downloaded a file prior the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first peer is online at the time the subsequent peer downloads a file.  Because of the nature of the collective swarm downloads as articulated above, every infringer is – and by necessity together – simultaneously stealing the Plaintiff's copyrighted material.

216.   Plaintiff has recorded each Defendant herein publishing the Motion Picture via BitTorrent.

217.   Plaintiff's Motion Picture is easily discernable as a professional work.  Plaintiff created the works using professional performers, directors, cinematographers, lighting technicians, set designers and editors.  Plaintiff created each work with professional-grade cameras, lighting, and editing equipment.

218.   Each of Plaintiff's works is marked with Plaintiff's trademark (CORBIN FISHER®), a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Diego, California.

219.    At various times, Plaintiff discovered and documented a its copyrighted work being publicly distributed by Does 1-62 by and through the BitTorrent network.

220.    Defendants, without authorization, copied and distributed audiovisual works owned by and registered to Plaintiff.

## V. DEFENDANTS ARE MEMBERS OF A SINGLE BITTORRENT SWARM

221.    Defendants are peer members who have all collectively participated in the same peer-to-peer (hereinafter, "P2P") network swarm that was utilized to unlawfully infringe upon Plaintiff's exclusive rights in its copyrighted film without permission.

222.    Defendants initiated their infringing conduct by accessing a BitTorrent website known for possession a large catalogue of adult films.

223.    Defendants each then obtained a .torrent file for Plaintiff's copyrighted Motion Picture from the video catalogue of the BitTorrent website and downloaded that .torrent file into a computer program developed to read such files.  The unique file identifier generated by an algorithm developed by the National Security Agency associated with the instant action is A3E6F65F2E3D672400A5908F64ED55B66A0880B8    (hereinafter,    the    "Hash").    Each Defendant is a member of the same collective associated with the aforementioned hash, and each acted collectively, and in concert, in effectuating the illegal and unauthorized sharing of Plaintiff's copyrighted work.

224.    Each Defendant peer owns or otherwise has control of a different computer collectively connected to the Internet that contained – or possibly still contains – a .torrent file containing at least a portion of Plaintiff's copyright work.

225.    All of the defendants republished and duplicated the Plaintiff's Motion Picture. Moreover, they did not only replicate the same motion picture, but all of the defendants, as members of the same swarm, republished, duplicated, and replicated the precise same copy and same Hash version of the motion picture, thus demonstrating that all of the defendants shared and replicated the same motion picture with one another, thus linking them all together in a massive conspiracy and concerted effort to deprive the Plaintiff of its exclusive rights in the Motion Picture under the Copyright Act.

226. Defendant peers each utilized a .torrent file to upload and download Plaintiff's copyrighted film without permission through a BitTorrent protocol.

227. Each Defendant peer, consistent with using a BitTorrent P2P network, created a torrent file of Plaintiff's Motion Picture.

228. After each Defendant peer downloaded a torrent containing Plaintiff's copyrighted Motion Picture, each Defendant uploaded their torrent onto a BitTorrent site for the purpose of sharing Plaintiff's copyrighted work with other members of the BitTorrent collective network.

229. Plaintiff's copyrighted Motion Picture was then uploaded and downloaded through a single swarm collective among the various Defendants in concert – all members sharing the same exact video, using the same exact hash file.

230. Once uploaded to the BitTorrent site, the Defendant peers shared the Plaintiff's copyrighted Motion Picture as participants in a unique single swarm. More precisely, the BitTorrent network divided the original copyrighted work into many small pieces and distributed these pieces throughout the swarm until each of the collectively participating Defendants in the swarm had a partial or complete infringing copy of the Motion Picture.

231. Based on this information, Defendants all participated in the same collective swarm, infringing upon Plaintiff's exclusive rights in its work by uploading (distributing) and downloading (reproducing) Plaintiff's copyrighted film, and through their actions each Defendant assisted each and every other Defendant, each members of the P2P network swarm, to illegally download Plaintiff's copyrighted work.

## VI. FIRST CAUSE OF ACTION

### (Copyright Infringement 17 U.S.C. § 501)

232. The Plaintiff re-alleges and incorporates by reference the allegations contained in each paragraph above.

233. Plaintiff is, and at all relevant times has been, the copyright owner of the copyrighted work infringed upon by all Defendants, "Down on the Farm." Exh. 1.

234. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Motion Picture and to distribute it—rights which Defendants maliciously and intentionally infringed upon.

235. Plaintiff is informed and believes, and on that basis alleges, that Defendants without the permission or consent of Plaintiff, have used, and continue to use, the BitTorrent online media distribution system to distribute the Motion Picture to the public, and/or make the Motion Picture available for distribution to others, including other BitTorrent users. In doing so, Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act.

236. Plaintiff is informed and believes and on that basis alleges that the foregoing acts of infringement were willful and intentional.

237. As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504(c), and to its attorney fees pursuant to 17 U.S.C. § 505.

238. The conduct of Defendants is causing and will continue to cause Plaintiff great and irreparable injury. Such harm will continue unless the Defendants are enjoined from such conduct by this Honorable Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibited Defendant from further infringing Plaintiff's copyrights, and ordering Defendant to destroy all copies of the Works made in violation of Plaintiff's exclusive copyright rights.

## VII. SECOND CAUSE OF ACTION
## (CONTRIBUTORY COPYRIGHT INFRINGEMENT)

239. Plaintiff re-alleges and incorporates by reference the allegations contained in each paragraph above.

240. It is helpful to think of the process of "torrenting" in the context of a constructed puzzle. In furtherance of sharing this puzzle, it is deconstructed into tiny pieces called "bits." These bits are then uploaded and distributed onto the torrent-sharing site. When an infringer downloads the file, he downloads one of the distributed bits of the file. This file is capable of

locating all the other unique corresponding bits to which it was originally attached- the 'hash'. Once all the bits are located and downloaded they are reconstructed back into the original order completing the entire original copyrighted file.

241.   When users all possess the same infringing work with the same exact hash file (as in this case), it is because each infringer possesses an <u>exact</u> digital copy, containing the exact bits unique to that file, of the original work.  In essence, although hundred of users may be uploading the copyrighted work, you will receive only the exact parts of a singular upload, not a compilation of available bits from various uploads.

242.   Each of the Defendants published the precise same "hash" file, described in Paragraph 223, to the BitTorrent network.

243.   Each Defendant downloaded, uploaded and distributed the motion picture to each other, in concert with one another and through use of the exact same site and protocol.

244.   Because it is the exact same motion picture, using the exact same hash, in the same general timeframe, the transaction of events at issue in this Complaint is common to all Defendants, thus rendering the Defendants properly joined in this action.

245.   BitTorrent users upload infringing works in concert in order to gain access and ability to download other infringing copyrighted works.

246.   As each of the thousands of people who illegally downloaded the movie accessed this illegal publication, they derived portions of their illegal replication of the file from multiple persons, including but not limited to the Defendants named in this action.

247.   The Defendants knew of the infringement, were conscious of their own infringement, and the Defendants were conscious of the fact that multiple other persons derivatively downloaded the file containing the Plaintiff's Motion Picture.

248.   The infringement by other BitTorrent users could not have occurred but for the Defendant's participation in uploading the Plaintiffs protected work.  As such, the Defendants participation in the infringing activities of others is substantial.

249.   The Defendants each profited from this contributory infringement by way of being granted access to a greater library of other infringing works, some of which belonged to the Plaintiff and some of which belonged to other copyright owners.

## VIII.  THIRD CAUSE OF ACTION
## (CIVIL CONSPIRACY)

250.    Plaintiff re-alleges and incorporates by reference the allegations contained in each paragraph above.

251.    Without authorization, each of the Jon Doe Defendants uploaded and distributed Plaintiff's copyrighted works by and through the BitTorrent Network.

252.    The BitTorrent Network is used almost exclusively to locate, reproduce, and distribute infringing content.

253.    Plaintiff is informed and believes and based thereon alleges that the material available by and through the BitTorrent network includes a substantial amount of obviously unauthorized material including, for example, first run feature films prior to DVD or even box office release.

254.    In order to access and use the BitTorrent network, a user must first download special software called a BitTorrent client.

255.    The center of the conspiracy is the scheme to traffic in infringing content.  If authorities remove any of the BitTorrent servers from service, the others may continue to operate.

256.    The purpose of the BitTorrent Network (i.e. for certain participants to establish a central hub of indexing servers to facilitate the reproduction and distribution of infringing copies of copyrighted works between a network of coconspirators) is apparent to any user who downloads a BitTorrent client and uses the client for that purpose.

257.    Once a user identifies and selects the infringing content he wants to download, he or she can then use the BitTorrent client to instruct the software residing on BitTorrent servers to locate that file on the computers of other users offering the file for distribution and then transfer the infringing file to his computer.  The software on the BitTorrent servers then locates the file on various users' computers and transfers pieces of the file to the user who searched for the file and ordered the transfer.

258.    The transfer of infringing files cannot occur without the existence and assistance of the BitTorrent servers at the hub of the system that house the index of infringing files and

facilitates the transfer of various bits of the infringing files from one user to another. Nor can the system work without the participant users who supply the infringing content.

259.   Plaintiff is informed and believes and based thereon alleges that each of the Defendants downloaded the BitTorrent client for the purpose of conspiring with other BitTorrent users to reproduce and distribute movies in violation of copyright laws.

260.   Plaintiff is informed and believes and based thereon alleges that at the time each Doe Defendant downloaded BitTorrent client, he knew the client would provide access to infringing movies made available by other users and would allow the Defendant to provide infringing movies to other BitTorrent users.

261.   Plaintiff is informed and believes, and based thereon alleges, that at the time each Doe Defendant downloaded the BitTorrent client, he intended to access the BitTorrent network for the purpose of reproducing and exchanging infringing copies of movies in violation of copyright laws.

262.   Plaintiff is informed and believes, and based thereon alleges, that BitTorrent clients reward users for making content available to others by enabling faster download speeds for those who make content available.

263.   In addition to the infringing files of Plaintiff's movies, each identified Doe without authorization offered large amounts of infringing content belonging to other copyright holders for others to download, knowing the infringing nature of the content they offered.

264.   Plaintiff is informed and believes and based thereon alleges that each Defendant without authorization offered large amounts of infringing content to others, knowing that other BitTorrent users would download the infringing content and further distribute it in exchange for still more infringing content.

265.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant distributed infringing movies in anticipation of receiving copies of infringing movies in return.

266.   Each Doe Defendant knew or should have known that the infringing content the Defendant downloaded to his computer came from the computers of other users, who made the content available to him and others on the BitTorrent network, in violation of copyright laws.

267.   The operators of the BitTorrent servers form the hub of a rimless wheel conspiracy to reproduce and distribute content without the copyright holders' authorization and without regard to copyright laws.

268.   Each Doe Defendant understood the nature of the conspiracy to violate copyrights and agreed to join the conspiracy by downloading the BitTorrent client with the intention of using that BitTorrent client to knowingly download, reproduce, and distribute infringing files with coconspirators.

269.   Each Defendant engaged in an unlawful act in furtherance of the conspiracy when he, without authorization, used the BitTorrent client to download, reproduce, and distribute copies of Plaintiff's copyright registered works.

270.   Defendants, all and each of them, conspired with the other Defendants by agreeing to provide infringing reproductions of various copyright protected works, including Plaintiff's works, in exchange for infringing reproductions of other copyright protected works, including Plaintiff's works.

271.   Each Defendant took affirmative steps to advance the conspiracy by unlawfully and without authorization reproducing Plaintiff's copyrighted works and distributing those works to coconspirators by and through the BitTorrent network in anticipation of receiving other infringing copies of copyright protected works in exchange.

272.   The Defendants' conspiracy with others to unlawfully reproduce and distribution infringing copies of its works by and through the BitTorrent Network caused Plaintiff harm in an amount to be determined at trial.

273.   Each Defendant is jointly and severally liable for the harm Plaintiff suffered as a result of the Defendants participation in the conspiracy to violate copyright laws.

### IX. FOURTH CAUSE OF ACTION

### (NEGLIGENCE)

274.   Plaintiff re-alleges and incorporates by reference the allegations contained in each paragraph above.

275.   Defendants accessed, or controlled access, to the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's Motion Picture described above.

276.    Defendants failed to adequately secure their internet access, whether accessible only through their computer when physically connected to an internet router, or accessible to many computers by use of a wireless router, and prevent its use for this unlawful purpose.

277.    Upon information and belief, Plaintiff alleges that Defendants' failure to secure their internet access allowed for the copying and sharing of Plaintiff's Motion Picture by use of the BitTorrent protocol on Defendants' respective internet connections, and interfering with Plaintiff's exclusive rights in the copyrighted work.

278.    By virtue of this unsecured access, Defendants negligently allowed the use of their internet access accounts to perform the above-described copying and sharing of Plaintiff's copyrighted Motion Picture.

279.    Had Defendants taken reasonable care in securing access to their Internet connections, such infringements as those described above would not have occurred by the use of their Internet access accounts.

280.    Defendants' negligent actions allowed others to unlawfully copy and share Plaintiff's copyrighted Motion Picture, causing financial harm to Plaintiff and unlawfully interfering with Plaintiff's exclusive rights in the Motion Picture.

## PLAINTIFF'S REQUEST FOR RELIEF

1.    For an injunction providing:

Defendant shall be and hereby is enjoined from directly or indirectly infringing upon the Plaintiff's copyrights in the works listed in Exhibit A or any other works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiff's works, to distribute (i.e. upload) any of Plaintiff's works, or to make any of Plaintiff's works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express authority. Defendant also shall destroy all copies of Plaintiff's works that Defendant has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded works transferred onto any physical medium or device in Defendant's possession, custody, or control.

2.    For damages for each infringement of each copyrighted work pursuant to 17 U.S.C. § 504.  These damages may be actual or statutory, but if statutory damages are elected,

the Defendants' acts were willful in nature, justifying an award of up to $150,000 per infringement, and Plaintiff reserves the right to make such an election.

     3.     For Plaintiff's costs in this action.

     4.     For Plaintiff's attorney's fees incurred in bringing this action.

     5.     For such other and further relief, either at law or in equity, general or special, to which the may be entitled.

Date: March 22, 2011.

                                        s/ Marc Randazza
                                        Marc Randazza, SBN269535
                                        Randazza Legal Group
                                        MJR@randazza.com
                                        3969 Fourth Ave., Suite 204
                                        San Diego, CA 92103
                                        888-667-1113
                                        305-437-7662 (fax)