UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, | ) | Civil No.11cv 575  MMA (NLS) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION TO ALLOW PLAINTIFF LEAVE TO TAKE IMMEDIATE DISCOVERY AND DENYING AS MOOT MOTION TO TREAT MOTION AS EMERGENCY MOTION** |
| v. | ) ) | |
| DOES 1-62, | ) ) | |
| Defendants. | ) ) | |
| | | [Doc. Nos. 3, 4] |

**I.     INTRODUCTION**

Plaintiff Liberty Media Holdings dba Corbin Fisher ("Liberty Media") produces, markets and distributes adult entertainment products.  The products include photographs and videos that it publishes on its websites, DVDs and books, and licenses to third party publishers for a fee.  Members pay Liberty Media a monthly fee to access its website so they can view Liberty Media's photographic and audiovisual works.  Liberty Media filed a complaint against Sixty-two John Doe defendants alleging Copyright Infringement (17 U.S.C. § 501), Contributory Copyright Infringement, Conspiracy, and Negligence.  Liberty Media alleges these John Doe defendants acted in a collective and interdependent manner in the unlawful reproduction and distribution of Plaintiff's Motion Picture "Down on the Farm" using BitTorrent technology.  (Compl. ¶ 2.)  Liberty Media claims that the Doe Defendants are "a group of BitTorrent users or peers whose computers are collectively interconnected for the sharing of a particular unique file, otherwise known as a 'swarm.'"  (Compl. ¶ 13.)  Liberty Media does not know the


1  names of the John Doe defendants, but does know their respective Internet Protocol (IP) addresses.
2  (Complaint ¶¶ 11, 18-204).

3      The Complaint alleges: "The Court has personal jurisdiction over Defendants, as Defendants
4  either reside in, solicit, transact, or are doing business within the Jurisdiction; they have committed to
5  [sic] unlawful and tortious acts both within and outside the Jurisdiction with the full knowledge that
6  their acts would cause injury in this Jurisdiction." (Complaint ¶ 6.).  The Complaint also states that
7  venue is proper: "Although the true identities of each and every member of the collective formed by the
8  Defendants is unknown to the Plaintiff at this time, on information and belief, each Defendant may be
9  found in this District and/or a substantial part of the infringing acts complained of herein occurred in
10 this District, and Defendants can reasonably anticipate being haled into court in this District."
11 (Complaint ¶ 9.)

12     Nine  days after filing the complaint, Liberty Media filed this motion to take immediate
13 discovery.  Liberty Media seeks a court order allowing it to issue subpoenas to the John Doe
14 Defendants' Internet Service Providers (ISPs) requesting the defendants' personally identifiable
15 information.  Liberty Media asks that the court's order instruct these ISPs and cable operators--
16 specifically Charter Communications, Clearwire Corporation, Comcast Cable, Cox Communications,
17 Earthlink, Insight Communications Company, Qwest Communications, RCN Corporation, Time Warner
18 d/b/a Road Runner, and Verizon Internet Services --to produce any and all documents and/or
19 information sufficient to identify the user or users of the identified IP addresses during the dates and
20 times listed in the exhibit to Liberty Media's complaint.

21     For good cause shown, and with the restrictions described in this Order, the court **GRANTS**
22 Liberty Media's motion.  Liberty Media also filed a Motion to treat the pending motion as an emergency
23 motion. [Docket No. 4.]  The Motion to treat the Motion for Discovery as an Emergency Motion is
24 Denied as Moot.

25 **II.     DISCUSSION**
26     **A.     The Cable Privacy Act**
27     The Cable Privacy Act prohibits cable operators from disclosing personally identifiable
28 information regarding subscribers without either (1) the prior written or electronic consent of the

subscriber; or (2) a court order, provided the cable operator provides the subscriber with notice of the disclosure. 47 U.S.C. § 551(c)(1),(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). Accordingly, Liberty Media seeks a court order instructing the ISPs to produce documents and information sufficient to identify the users of the IP addresses.

### B. Traditional Test for Early Discovery

Normally a party may not seek discovery from any source before the Rule 26(f) conference, unless that party obtains a stipulation or court order to conduct the discovery. Fed. R. Civ. P. 26(d)(1). A court order allowing the discovery may be appropriate "where the need for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). The *Semitool* court rejected a more rigid approach in favor of a good cause test that allows the court to exercise its traditional wide discretion in managing discovery and to consider the interests of justice. *Id.* at 275-76.

While discovery normally only takes place after a defendant has been served, where the alleged tortious activity occurs entirely on-line, "[s]ervice of process can pose a special dilemma for plaintiffs. . . . because the defendant may have used a fictitious name and address in the commission of the tortious acts." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). In determining whether a motion for expedited discovery should be granted to identify anonymous Internet users named as John Doe defendants, courts consider whether:

1. the plaintiff can "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court;"
2. the plaintiff has identified "all previous steps taken to locate the elusive defendant;" and
3. the "plaintiff's suit against defendant could withstand a motion to dismiss."

*Id.* at 578-580.

1. <u>Identification of Defendants</u>.

Liberty Media provides the court with the unique IP addresses and names of the ISPs and/or cable operators that provided internet access for the users of the identified IP addresses. (Complaint at ¶¶ 18-204.) Liberty Media documented the alleged infringement of its registered works by the individuals using the IP addresses. The requested discovery will provide the true names and addresses of the individuals performing the alleged infringing acts. The court finds that Liberty Media has sufficiently identified each John Doe defendant such that the court can determine that the defendants are real persons or entities who may be sued in federal court.

2. <u>Previous Steps Taken to Locate Defendants.</u>

Liberty Media has identified the Doe Defendants' IP addresses and ISPs. Because the transactions in question occurred entirely online, the defendants have been elusive and the IP addresses and ISPs are the only available identifying information. Without the requested discovery, there are no other measures Liberty Media can take to identify the personal information for the John Doe defendants. The court finds that Liberty Media has taken all the steps it can on its own to identify the defendants.

3. <u>Withstanding a Motion to Dismiss</u>

    a.    Copyright Infringement

"[A] plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir. 2004.), *citing* 17 U.S.C. § 501(a) (2003).

Plaintiff alleges that it is the owner, and holds the copyright registration certificate, of the motion picture that Defendants reproduced, distributed and publicly displayed without authorization. (Complaint ¶ 1.) Plaintiff also alleges that Defendants acted collectively in the unlawful reproduction and distribution of the motion picture. (Complaint ¶ 2.) Accordingly, it appears that Plaintiff has alleged the prima facie elements of copyright infringement and could withstand a motion to dismiss this claim.

    b.    Conspiracy

There are "three necessary elements of a conspiracy: (1) formation and operation of a conspiracy; (2) wrongful acts done in furtherance of the agreed to plan, and (3) resulting damages." *Jones v. AIG Risk Mgt.*, 766 F.Supp.2d 1049, 1060 (N.D. Cal. 2010), *citing Chicago Title Ins. Co. v.*

1  *Great Western Financial Corp.*, 69 Cal.2d 305, 316 (1968).  Liberty Media alleges that the Defendants
2  acted in a collective manner to effectuate the unlawful reproduction and distribution of the motion
3  picture using BitTorrent technology.  (Complaint ¶ 2.)  Liberty Media also alleges that each Doe
4  Defendant used a particular I.P. address to illegally republish and distribute the copyrighted motion
5  picture.  (Complaint ¶¶ 18-204.)  The Complaint also explains how each BitTorrent user who downloads
6  infringing material must also upload infringing material.  (Complaint ¶¶ 205-210.)  Finally, Liberty
7  Media claims damages in an amount to be proven at trial.  (Complaint, Request for Relief ¶ 2.)
8  Accordingly, it appears that Liberty Media could withstand a motion to dismiss this claim.

    c. Negligence

"The elements of a negligence cause of action are a legal duty to use due care, a breach of that duty, and the breach is the proximate or legal cause of the resulting injury." *Iversen v. California Village Homeowners Ass'n*, --- Cal.Rptr.3d ----, 2011 WL 1034261 (Mar 23, 2011); *see also, e.g. Groce v. Claudat*, 2010 WL 3339406 at *4 (S.D. Cal. Aug. 24, 2010.)  Liberty Media asserts: "Defendants failed to secure their Internet access, which by virtue of this unsecured access, allowed the use of their Internet accounts to perform the complained of copying and sharing of Plaintiff's copyrighted motion picture." (Plaintiff's Points and Authorities at 4.)  This is all the information provided by Liberty Mutual.  The Court has reviewed the Complaint and found no asserted legal duty in connection with the negligence cause of action.  Thus, the Court cannot say that Liberty Media's cause of action for Negligence would withstand a Motion to Dismiss.

    d. Contributory Infringement

Because Plaintiff has  failed to address the cause of action for Contributory Infringement, the Court is without sufficient information to assess whether or not that cause of action appears robust enough to withstand a motion to dismiss.

    e. The Complaint Can Withstand a Motion to Dismiss

The requirement that a complaint be able to withstand a motion to dismiss exists to "prevent abuse of this extraordinary application of the discovery process and to ensure that plaintiff has standing to pursue an action against defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579-80 (N.D. Cal. 1999)(comparing requirement to probable cause for a warrant in a criminal prosecution.).  In

this case, Liberty Media has alleged sufficient facts to withstand a motion to dismiss on at least one claim asserted in this lawsuit.

### C. Consideration of Joinder, Jurisdiction and Fairness to Doe Defendants

The task before the Court is to weigh the need for discovery in light of the interests of justice. *Semtiool*, 208 F.R.D. at 276. In actions such as this one, where the Defendants have not yet appeared, it is the duty of the court to consider not only the prejudice to the ISP, but also the prejudice to the as yet unnamed Doe Defendants and the interests of the Court in the just determination of every action. *See Capitol Records, Inc. v. Does 1-16* 2007 WL 1893603 at * 1 (D. N.M. May 24, 2007) (denying expedited discovery and recognizing "the harm related to disclosure of confidential information."). This concern is particularly appropriate in cases involving peer-to-peer file sharing. *Elektra Entertainment Group, Inc. et al. v. O'Brien et al* 06-cv-5289 SJO (MANx) Docket No. 12 (C.D. Cal. Mar. 2, 2007)("The concern of this court is that in these lawsuits, potentially meritorious legal and factual defenses are not being litigated, and instead, the federal judiciary is being used as a hammer by a small group of plaintiffs to pound settlements out of unrepresented defendants.")

#### 1. Joinder

One issue presented is whether all 62 Doe Defendants have properly been joined in this single suit. *See, e.g. IO Group, Inc. v. Does 1-435*, 2011 WL 445043 (N.D. Cal. Feb. 3, 2011)(noting that use of the same ISP and peer to peer network is insufficient to establish proper joinder)(citing cases.) The issue of joinder is one of concern to the court, especially where, as here, there is no named party to raise the issue. As one court has noted, copyright "plaintiffs have devised a clever scheme to obtain court-authorized discovery prior to the service of complaints, but it troubles me that they do so with impunity and at the expense of the requirements of Rule 11(b)(3) because they have no good faith evidentiary basis to believe the cases should be joined." *IO Group, Inc. v. Does 1-435* at *6, 2011 WL 445043 (N.D.Cal. Feb. 3, 2011), *quoting Arista Records, LLC v. Does 1-27*, at *19 n. 5 2008 WL 222283 (D.Me. Jan. 25, 2008). Also of concern to the court is that: "a consequence of postponing a decision on joinder in lawsuits similar to this action results in lost revenue of perhaps millions of dollars [from lost filing fees] and only encourages Plaintiffs . . . to join (or misjoin) as many doe defendants as possible." *Arista Records, LLC v. Doe*s 1-11,2008 WL 4823160, at * 6 (N.D. Ohio Nov. 3, 2008)

1  In this evolving area of law, some courts have found good cause to address the question of
2 joinder early in the litigation. As one court observed: "Postponing the issue of joinder to a day that in
3 all likelihood will never come only serves to aid Plaintiffs' attempt to avoid filing fees. While Plaintiffs
4 are certainly entitled to vindicate their rights, they must play by the Federal Rules in doing so." *Arista*
5 *Records, LLC v. Does 1-11,* 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008), *quoting Sony BMG Music*
6 *Entm't v. Does 1-5*, No. CV 07-2434 SJO (JCx) (C.D.Cal. Aug. 29, 2007): *see also IO Group v. Does 1-*
7 *435*, 2011 WL 1219290 (N.D. Cal. Jan. 10, 2011)(severing doe defendants and modifying order
8 allowing early discovery); *Arista Records, LLC. v. Does 1-27*, 2008 WL 222283 (D. Me. January 25,
9 2008)(suggesting that plaintiffs may have violated Rule 11 by alleging that joinder is proper in order to
10 avoid paying filing fees); *Arista Records, LLC. v. Does 1-11*, 2008 WL 4823160 (N.D. Ohio Nov. 3,
11 2008)(finding that deferring the issue would only "aid Plaintiffs' attempt to avoid filing fees."); *but see,*
12 *e.g., Call of the Wild Movie, LLC, v. Does 1-1,062* — F.Supp.2d — 2011 WL 996786 (D. D.C. March
13 22, 2011)(collecting cases finding issue of joinder premature at early stages.)

14  After careful consideration of the issue, the Court agrees that the issue of joinder should be
15 addressed as early as possible. In this case, the complaint sufficiently *alleges* that defendants are
16 properly joined due to the use of BitTorrent, which necessarily requires each user to be an uploader as
17 well as a downloader (*See Call of the Wild*, at *2). The Court notes, however, that a serious question is
18 presented as to whether the joinder will be proven appropriate once the necessary facts are established.

19  2.  Jurisdiction and Venue

20  Another serious issue presented is whether this court has personal jurisdiction over the Doe
21 Defendants. Plaintiff admits that they do not know the identity of the Doe Defendants. (Complaint ¶ 2.)
22 Nonetheless, Plaintiff asserts that Jurisdiction and Venue are proper in this court, going so far as to
23 assert "on information and belief, each Defendant may be found in this District and/or a substantial part
24 of the infringing acts complained of herein occurred in this District, and Defendants can reasonably
25 anticipate being haled into court in this District." (Complaint ¶ 9.) The Court is not privy to any
26 information that would lead to the belief that either each Defendant can be found within this district or
27 //
28 //

that a substantial part of the infringing acts alleged occurred in this District.[1]  Accordingly, the Court is troubled by the notion that the authority of this court could be used to obtain confidential information about Defendants over whom it lacks jurisdiction.  It is particularly troubling to consider that Defendants may feel compelled to settle their cases when faced with the difficulties of litigating in a foreign court.

Having carefully considered the issue, the Court  reluctantly concludes that the issue of jurisdiction cannot be resolved without allowing the discovery sought.  Even though the discovery is allowed, the Court notes that a significant issue as to personal jurisdiction remains.  *See IO Group v. Laperna* 2009 WL 36608 (N. D. Cal.  January 6, 2009)(No specific jurisdiction over Defendant who improperly displayed copyrighted images on website.); *Pavlovich v. Superior Court*, 29 Cal.4th 262 (2002)(awareness of possible injury to California based industry is not enough by itself to support jurisdiction.); *but see IO Group, Inc. v. Pivotal, Inc*., 2004 WL 838164, at *5-6 (N.D.Cal. Apr. 19, 2004)(Jurisdiction proper over nonresident alleged to be illegal downloader).

### 3. Protections for the Doe Defendants

In light of the serious issues present in this case relating to jurisdiction, protections for the Doe Defendants are warranted to ensure that no defendant with  potentially valid objections to the jurisdiction and venue of this court is forced to settle to avoid litigation in a distant court.  In order to protect those defendants who have not yet appeared, Plaintiff may not release any information identifying a Doe Defendant without further Order issued by this Court.  Each Doe Defendant shall have the opportunity to challenge the jurisdiction of this Court and the subpoena issued prior to being publicly accused of being an illegal downloader of adult entertainment.[2]  Additionally, Plaintiff shall provide each ISP with a copy of this Order and the Complaint in this action to be sent to each subscriber.  The ISPs shall serve each subscribed located within the jurisdiction of this court (in San

---

[1] The Court is aware that it is possible to identify where a person using a particular IP address is likely to be physically located (*See Call of the Wild*, 2011 WL 996786 at * 9), but is not aware of any court requiring this information at this stage of the litigation.

[2] Attached as Appendix A to this Order is a Court-Directed Notice Regarding Issuance of Subpoena.  The Court-Directed Notice explains the issues and circumstances surrounding the subpoena and contains a resource list to assist the subscriber in finding a lawyer and/or information about the how to challenge the subpoena.

Diego or Imperial county) via regular United States mail and shall serve each subscriber located outside the jurisdiction of this Court via Federal Express or other overnight mail service. Liberty Media shall reimburse the ISPs for all mailing fees. Moreover, if any Doe Defendant seeks to challenge either the jurisdiction of this court or the subpoenas issued, they may do so anonymously and shall have the right to remain anonymous until such time as the Court Orders that the identifying information can be released.

## III.   CONCLUSION

For Good Cause shown, It Is Hereby Ordered that:

1.   Liberty Media may serve subpoenas, pursuant to Fed. R. Civ. P. 45, on Charter Communications, Clearwire Corporation, Comcast Cable, Cox Communications, Earthlink, Insight Communications Company, Qwest Communications, RCN Corporation, Time Warner d/b/a Road Runner, and Verizon Internet Services (collectively "the ISPs") that seek information sufficient to identify the Defendants, including their names, current addresses, telephone numbers and e-mail addresses;

2.   Liberty Media may only use the information disclosed for the sole purpose of protecting its rights in pursuing this litigation and may not release any identifying information without a court order allowing the release of the information;

3.   Within seven calendar days after service of the subpoenas, the ISPs shall notify the subscribers that their identities are sought by Liberty Media and shall serve a copy of this order and the Complaint in this action on each subscriber. The ISP shall serve the subscribers located in Imperial and San Diego Counties via regular United States Mail and shall notify all other subscribes via Federal Express or other overnight mail service. Each subscriber whose identify is sought may, within twenty-one calendar days from the date of such notice, file documents with the Court that contest the subpoena;

4.   If any of the ISPs wishes to move to quash the subpoena issued to it, the ISP shall do so before the return date of the subpoena. If such a motion is brought, the ISP shall preserve the information sought by Liberty Media in the subpoena pending resolution of such motion.

5.   Liberty Media shall provide the ISPs with sufficient copies of this Order and the Complaint in this action to be served on each subscriber when the subpoenas are served on each of them.

6. Liberty Media shall reimburse the ISPs for all mailing fees.

IT IS SO ORDERED.

DATED: May 12, 2011

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

# APPENDIX A

## COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the Southern District of California, in San Diego, California as a "John Doe" by Liberty Media Holdings, LLC. You have been sued for infringing copyrights on the Internet by uploading and/or downloading a motion picture. The owner of the copyright to the movie, has identified you only as a "John Doe" and have served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

**YOUR NAME HAS NOT YET BEEN DISCLOSED.**
**YOUR NAME WILL BE DISCLOSED IN 21 DAYS**
**IF YOU DO NOT CHALLENGE THE SUBPOENA.**

Your name has not yet been disclosed. The record companies have given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not yet decided whether you are liable for infringement. You can challenge the subpoena in Court. You have 21 days from the date that you receive this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the Plaintiff cannot proceed against you until you are identified). The Resource List in this notice can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena. If you do not file a motion to quash, at the end of the 21 day period, your ISP will send the plaintiff your identification information. The Plaintiff may contact you, but may not release your name without a Court Order.

## OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the Southern District of California, the Plaintiff must establish jurisdiction over you in California. If you do not live or work in California, or visit the state regularly, you may be able to challenge the California court's jurisdiction over you. If your challenge is successful, the case in California will be dismissed, but the Plaintiff may be able to file against you in another state where there is jurisdiction. Additionally, you can challenge "joinder," the fact that Plaintiff has sued 62 defendants together and Plaintiff must establish that the alleged violations arose out of the same transaction, occurrence, or series of transactions and occurrences.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

## RESOURCE LIST

The organizations listed below provide guidance on how to find an attorney and court process. If you live in or near California or San Diego, the second and third listings below provide referrals for local attorneys.

American Bar Association
http:// www. abanet/org/ legal services/ findlegal help/ home. htm

California Bar Association
http:// www. calbar.org

San Diego County Bar Association
http:// www. sdcba.org

| | |
|---|---|
| 1 | Electronic Frontier Foundation |
| | 454 Shotwell Street |
| 2 | San Francisco, California 94110-1914 |
| | email: Information@eff. org |
| 3 | https://www.eff.org/issues/file-sharing/subpoena-defense |
| 4 | The Southern District of California |
| | www.casd.uscourts.gov |
| 5 | The website contains important information, such as the Local Rules, Contact Information and answers to Frequently Asked Questions |