# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br>A California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-62,<br><br>Defendants | Case No. 11-CV-575-MMA-NLS<br><br>**CONSENT JUDGMENT AGAINST DEFENDANT** |

**CONSENT JUDGMENT AGAINST DEFENDANT**

Plaintiff Liberty Media Holdings ("Liberty" or "Plaintiff") and William Sauder, using internet protocol address 68.83.25.232 as specified in the Complaint (Doc. # 1), (hereinafter, the "Defendant") both hereby consent and agree to this judgment to fully resolve all disputes between them in the above-referenced action. By consent, Plaintiff and Defendant agree to the following findings of fact, conclusions of law, and judgment.

### I. Jurisdiction

This Court has jurisdiction of the subject matter of this action and over each of the parties involved. Both Parties consent to the Court's personal jurisdiction over them.

### II. Background

Plaintiff's claims in this action are for copyright infringement, and injunctive relief arising from Defendant's illegal publication and distribution of Plaintiff's works.

Liberty markets and distributes these original works of creative expression through various media, including internet web content, DVD's, and photographs of an erotic nature. Liberty's website has "free tour" areas where G-Rated photographs may be viewed, but its explicit erotic works are only available to individuals who pay a monthly subscription fee, or

who purchase a DVD from Liberty. Each work produced is registered with the United States Copyright Office.

Defendant provided copies of Plaintiff's copyrighted works to users of BitTorrent, which were in turn re-circulated and re-distributed widely. The audiovisual work at issue in this action is registered by Liberty with the United States Copyright Office.

Each of the Plaintiff's works is marked with Liberty's trademark, CORBIN FISHER®, a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement regarding age verification records as required by 18 U.S.C. § 2257.

Defendant illegally copied and distributed the Plaintiff's work "Down on the Farm," which is registered with the United States Copyright Office.

Neither Plaintiff nor any other person granted Defendant the right to distribute copies of the Plaintiff's copyrighted work. At no time has Defendant obtained the right to distribute copies of Plaintiff's copyrighted works.

### III. Cause of Action
### (Federal Claims Against Defendant for Copyright Infringement)
### (17 U.S.C. § 501 Et. Seq.)

Defendant has illegally copied and distributed the Plaintiff's copyrighted work, "Down on the Farm." Plaintiff registered the copyright to this work, and owns exclusive rights and privileges in that copyright. Defendant's conduct infringed upon the Plaintiff's copyright, and constitutes an intentional and/or willful infringement of the Plaintiff's copyrights.

In addition to directly infringing on Plaintiff's copyright, by using BitTorrent, Defendant knew of others using the service to infringe on Plaintiff's copyright and materially contributed to the infringement by uploading Plaintiff's work so that others could infringe on it. Defendant's conduct constitutes contributory infringement of Plaintiff's copyright in addition to direct infringement under 17 U.S.C. § 501.

Plaintiff has been damaged by Defendant's conduct, continues to be damages by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendant's conduct.

17 U.S.C. § 504(c) establishes the right to elect to recover statutory damages in an amount of not less than $750 and not more than $150,000 for each infringement, in lieu of seeking recovery of actual damages. In light of the damage Defendant's actions have caused Plaintiff, the parties have stipulated to damages in the amount of $20,000 in statutory damages.

Defendant has an opportunity to reduce the amount payable to Plaintiff if Defendant ceases any further content theft (whether the Plaintiff's content or anyone else's), and if he makes regular payments toward the judgment on a schedule that will be agreed upon by the parties in a separate agreement.

Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to enjoin any further such acts on the part of the Defendant or any party or entity acting in concert with him.

### IV. Judgment

It is therefore ordered, adjudged and decreed that the Defendant should be and hereby is permanently enjoined from infringing, directly or indirectly, upon any copyrighted works owned by Plaintiff. The Court shall retain jurisdiction for the limited purpose of enforcing this injunction.

It is further ordered, adjudged and decreed that the Defendant has incurred a statutory damages liability for his willful infringement of the Plaintiff's copyrights, and shall be penalized with an award of $20,000 in statutory damages payable to the Plaintiff.

This Court shall retain jurisdiction over this case for the purpose of issuing orders consistent with this judgment.

Dated this ___ day of _____, 201__

_____
United States District Court Judge